Madam Clerk, will you please call the next case? 1221-55 Dallas-Vanja, Ranjha v. BJB Properties, Inc. Okay, I'd ask the attorneys to step up to the podium. Tell us your names, who you represent, and approximately how long your argument will take. Good morning, Counsel. Good morning, Your Honors. Counsel, my name is Mark Silverman. I represent the plaintiff, Appellant Alexander Ranjha. And I expect my argument to only be approximately five minutes, and perhaps Your Honors have questions. And you'll reserve any remaining time for rebuttal. Thank you. Thank you, Mr. Silverman. Counsel, good morning. Good morning, Your Honors. My name is Chris Johnson. I represent the defendants, appellees, BJB Properties and Elm II, LLC. I expect that my argument will take approximately five to ten minutes, and any responses to any questions that the court may have. Very good, Mr. Johnson. You can be seated, Mr. Silverman. Thank you. Why don't you proceed with your argument? Your Honors, Counsel, may I please the Court? This appeal was taken by the plaintiff because they disagreed with the trial court's dismissal of the complaint based on failure to state a cause of action. The tenant had a one-count complaint. It sought relief of one month's rent, which is a remedy provided for under the ordinance when a landlord violates Section 100. Section 100 is a section of the ordinance that says a landlord, before they enter into a rental agreement, has to disclose to the tenant any code violations cited against the property by the City of Chicago in the 12 months before that date. And any prospective tenant or tenant is entitled to the remedies described under Section 090 of the same ordinance if the landlord violates Section 100. In this case, it wasn't disputed that the landlord violated Section 100. There were code violations in the 12 months before Mr. Ranjot entered into his lease. They weren't disclosed to the tenant. The tenant moved in, lived in the apartment, and sent the landlord a written notice that said, please cure your failure to comply with Section 100 within 14 days after you get this notice or else we may terminate the lease and move out. Well, I think that's important language there. I know that wasn't addressed in the trial court, but it was in the briefs, the issue of notice. You said we may. Actually, the language was or we might terminate, right? Yes, Your Honor. What does the notice provision of the ordinance say? It does say that if you give that kind of notice to terminate your lease, that it should say that the tenant terminate the lease if the landlord fails to cure their failure to comply within 14 days after receiving that notice. The lease will terminate. I think that's what Your Honor is getting at. Right. Wouldn't you agree, though, that might expresses a possibility as opposed to will expresses a determination? I think that choice has been made that this is going to happen absent the satisfaction of this precondition. I agree that those could imply different things. In this case, given that the tenant, of course, doesn't know whether the landlord is going to cure their failure to comply, as we've pointed out in our briefs and in the complaint, this lease has the tenant already acknowledged when they enter into it that, in fact, all these disclosures have been made. And so a tenant who's sending a notice under these circumstances certainly may not know if there are disclosures the landlord should have made that they didn't make. That's really not the issue. The issue is what will I do if I determine that they're out? What will I do? Or if you don't? The lease may terminate, might terminate. That is what's written in his notice, and I understand that the defendant in their brief suggests that, well, maybe there's a defective notice. I think that's what the import of that according to the defendant. Our position is that the trial court didn't focus on that as a problem, in fact, found that there was a written notice. Did anyone specifically argue that in the trial court? No. Right. That's why the trial court just acknowledges that notice has been provided. The trial court never delved into the issue of the sufficiency of that notice. But it's fair to say that a cardinal rule of statutory interpretation is to give words their plain and ordinary meaning, right? That's right. And if we look at the plain and ordinary meaning of might, it varies greatly from the plain and ordinary meaning of the word will, doesn't it? Well, in this case, it describes what will happen under the ordinance, that the lease will terminate, it might terminate, unless this cure is made by the landlord. Let's look at the remedy section, 090. There's two sentences that provide for the remedy. Is that correct? That's right. Okay. Do you read those two sentences as being separate remedies or are they in conjunction with one another? I view them as not being in conjunction and as being separate. Okay. If they are separate, then the first sentence talks about termination of the rental agreement and it uses the word may. Now, may means they don't have to. That's what it says in the first sentence. So the first sentence doesn't require that someone terminate necessarily? It does not. It says that they can. They have the option to terminate pursuant to those notice provisions. Okay. And what is the other option that an individual would have? Well, it says if the landlord fails to comply after receipt of a written notice pursuant to that section, the tenant shall recover the actual damages or one month's rent. All right. So shall is mandatory. They shall recover. That's where they use the word shall. So under the section, do you interpret this as saying that a tenant must seek termination in order to recover a month's rent or actual damages? We think the opposite. We think they don't have to terminate or even seek to terminate in order to recover the one month's rent. Yeah, the notice said about termination. The notice says have 14 days to please cure your failure to comply with this section or else we might terminate the lease. So then how do you read the refers to written notice pursuant to 110A? And you look at 110A. How would 110A be read in conjunction with the second sentence in 090? What kind of notice is required? A notice that gives the landlord 14 days to cure the failure to comply. Do you have to say that you may terminate? We don't think so, no. Even though your notice apparently said that you might terminate? It did because the tenant may have wanted to keep that option open if he did want to terminate and move out early. And, in fact, not knowing, again, if there's something the landlord needed to disclose or not and what the landlord will do in that 14 days. And even that 14-day reference in the notice is somewhat vague, isn't it? It doesn't say 14 days. It just says something effective, let's see. After receiving the notice. Yeah, first of all, it talks about once the landlord receives it. So we don't know when that is, so we don't know when the clock starts. And then it doesn't specifically say 14 days. It goes on to say in the next couple of weeks. Well, it does say in the next couple of weeks after you receive this notice. Counsel, here's my concern. The notice provision specifically provides that you must specify that the rental agreement will terminate on a date. Did you have a date, a specific date alleged in your complaint as to when the notice would terminate? The 14 days after receipt of the written notice. But is that a date? It says a date. That indicates that there must be, it's got to be the 4th or the 15th. There is no date in the notice. We think that that's something that the landlord would be notified of if, in fact, the lease was going to be terminable because the tenant has the 14 days after receipt of the notice expired and the landlord doesn't cure their violation. Then the tenant can pick a date that's 30 days after that for the lease to terminate. But just addressing your complaint, it was unnecessary for you to comply with this notice provision by placing or alleging a date in that complaint. That's our position. So you acknowledge that you didn't comply with this notice provision? For terminating a lease under Section 110A, I agree. And you're not asking for that kind of relief? That's not the relief we're asking for. You're just asking for the? The one month's rent or actual damages, which is a remedy that a tenant is entitled to if a landlord violates Section 100. And we read Section 100 as saying you're entitled to remedies, not remedies subject to requirements, in 090. 090 provides for certain requirements and certain remedies. If we could dip Section 090 in something that would dissolve everything except the remedies, what we'd be left with is one month's rent or actual damages. You can break your lease, and that's it. Section 100 doesn't attach or require the tenant to satisfy additional requirements that may be in 090. It just entitles them to the remedies. What's the notice requirement if all you're seeking is the one month's rent? Give the landlord a written opportunity to fix the violation that you're claiming. It's the same notice provision, right? The 14 days, and we think that's quite evident. That's what the City Council was trying to incorporate into Section 100 and Section 090. If we keep that in mind. Poorly drafted ordinance, though. Pardon me? Poorly drafted ordinance. Not my place to say. I think that. That's what I'm asking. What's your place to answer? I will, in response to that, suggest that if we look at 090, it says if the landlord fails to comply with this section after receipt of a written notice pursuant to Section 110A, the tenant can be entitled to the damages. Since you won't say, would you suggest that the court suggest to the City Council that they redraft the ordinance? I think if it's ambiguous, which would be the. Is it ambiguous? It is, because of what I'm. I do think it's ambiguous, and that's why. So therefore, a poorly drafted statute is important. I knew you'd come around to it. I think some people may result, find ambiguity in what they write on, you know, after being very careful and. Oh, sure. That said. I'm not saying that we're industrious in our efforts. But irrespective of the drafting, what the statute is to be read to help tenants, is that right? We think there's substantial case law in the preamble of this ordinance implied by this, as we talk about in Part 2 of our brief, it really works across purposes with what the evident intent is here to make the tenant move out, perhaps even to make the tenant send a written notice, which is what I was getting at with Section 090. It says if the landlord fails to comply with this section, the tenant can get the damages or terminate. This section means 090, right? If we're going to be extremely strict in interpreting this, that means that for the tenant to be entitled to anything, the landlord's violation of 100, not disclosing code violations, not disclosing utility shutoffs, then they also have to show the landlord failed to comply with 090, this section in 090. That means they have to show also the landlord didn't disclose their phone number or their suite address. You're incorporating the whole Section 090. If we're going to incorporate any requirements that you send this specific written notice, then you have to incorporate this section. There's no way around that, I think, if we're going to absolutely adhere to every sentence, which is what the trial court, I think, uses to rule against the tenant here. That's an absurd result, and that's what is compelled by this, as is finding that now Section 090 requires your landlord didn't disclose their suite address, they didn't disclose their phone number. Well, you better move out or there's no downside for the landlord. And that brings us to the second point here. If this is ambiguous language, I think we can still discern from this what the city council wanted to have happen. Tenant is supposed to be entitled to some damages, to something, to some remedy, to some incentive to pursue this if the landlord doesn't comply, as we argue. This is unfair to other landlords who are out there making their own properties look worse in the marketplace, and the trial court's interpretation rules out prospective tenants, the people who are out there when this matters, who haven't signed a lease yet. Counsel, bring your argument to a conclusion, please. The trial court's ruling essentially gives every landlord no reason to comply with this ordinance. Tenant's going to have to move out. Our interpretation still leaves a tenant with an obligation or a prospective tenant to send a written notice, give the landlord a chance to fix the problem they were supposed to have not had happen when the tenant first entered into the lease. It's enough the tenant's got to figure out that maybe they sent a notice. We think that the only fair way to have city council's evident intent satisfied is to let the tenant recover one month's rent, let prospective tenants recover one month's rent, if, in fact, they sent the required notice, and a notice is just a cure period. That's all. That's all they're trying to incorporate. So you recommend that we reverse the trial court? We recommend you reverse the trial court and find that move out and termination are not elements of this claim that the plaintiff brought. Thank you, Mr. Silva. Thank you. Mr. Johnson. Thank you. May it please the court, defendants are asking this court to uphold the ruling of the trial judge in this matter. The trial judge correctly interpreted the clear meaning of sections 90, 100, and 110A in requiring all the written notice sections of 110A to apply before granting a tenant a remedy. How does that make sense? How does that make sense? Because the remedy section of 090 says if the landlord fails to comply with the section, the tenant may terminate. So it doesn't say that they have to terminate. So they have this option. So are you reading those two sentences separately or are they in conjunction with another in that the first sentence really there's an end instead of a period between those two sentences? Are you reading them in conjunction with one another or are they separate ways to a remedy? That is, one is you can terminate or one is you can go for the must rent or you can go for both. Well, one refers to may terminate the rental agreement pursuant to the notice provisions of 512.110A, which again termination would refer to the initial steps of written notice under section 110A, which refers to the required notice that a rental agreement will terminate on a date not less than 14 days after receiving the notice by the landlord. Written notice under section 512.110A continues on that any such notice shall require that if the material noncompliance does not remain within the time period so specified, the tenant shall deliver possession of the dwelling unit to the landlord within 30 days after the expiration of the time period specified in the notice. If possession shall not be so delivered, then the tenant's notice shall be deemed withdrawn. But let's read the second sentence in 090. That simply says that, you know, the second sentence says if the landlord fails to comply with the requirements of the section after the receipt of a written notice, then you get the damages, the rental or the actual damages. The first sentence says if the landlord fails to comply with this section, the tenant may terminate it pursuant to the notice provisions. Isn't that different? Well, certainly they're different. They're different sentences. Each has its own remedy. So there's two remedies. Yes, certainly. There's two remedies. Two remedies that are specified here. Can't then a tenant ask for just relief under one of those two remedies? So taking the court's example, if the tenant were just asking for relief under that second sentence, which refers to a landlord failing to comply with the requirements of the section after receipt of written notice pursuant to Section 512.110A. Well, defining the term written notice pursuant to Section 512.110A requires then that that written notice not just be in writing, but that it comply with all the requirements of 512.110A. Well, where does it say that with all the requirements of, it just says comply with the requirements of written notice pursuant to Section 110A. So is there a difference between the language pursuant to the notice provisions of Section 5-12.110A and the language after receipt of written notice pursuant to Section 5-112.110A? One says that you have pursuant to the notice provisions, and the other just says written notice. There's a difference. Provisions, there are a lot of provisions in that 110A, but written notice is a different issue. Well, if the city council had wished for that interpretation to stand, it could have just said after receipt of any written notice. It didn't have to use the express terms written notice pursuant to Section 5-12.110A. But then they went to notice, let's say, the 14 days. You have to give notice, the 14 days. You've got to give them 14 days. It's a cure period is what the council is arguing. Why wouldn't that make perfect sense in that if the two sentences are separate, as you have conceded, then it would only make sense that you don't have to terminate, and 110A making it being read as a requirement to terminate would kind of vitiate the second sentence of 090. Well, a notice pursuant to 5-12.110A is not a notice unless it says the rental agreement shall terminate if the cure period is not satisfied. Well, I guess that's the question. I think it begs the question because the first sentence with regard to you may terminate says that you have to abide by pursuant to the notice provisions, all the provisions of 110A. The second sentence with regard to the rental only says written notice pursuant. And the written notice talks about written notice of the landlord specifying the acts or commissions constituted in noncompliance and specifying the 14 days. But you're not asking to terminate. Again, you don't have to. We've already went through this, but you don't have to ask to terminate. Well, it's our position that under the plain reading of 5-12.110A, any such written notice that is a written notice pursuant to 5-12.110A has to state that the rental agreement will terminate. So that means that the second sentence, the separate provisions don't make any sense because the second sentence actually is a termination. In order to get damages, you have to terminate. That's what you're saying. Absolutely. It's kind of a back door because even though it says they're separate and you can independently just receive damages without terminating, you still have to terminate. It's a gotcha. It's how the city council chose to draft its ordinance, and this Court has to presume that the city council chose those words written notice pursuant to Section 5-12.110A with some import. If the city council had chosen to, it could have said after receipt of written notice and then specified this type of written notice that didn't require any sort of termination or a date certain. Didn't they do that, though? Because they said written notice in the second sentence, and in the first sentence they say pursuant to the notice provisions. So they didn't use the same wording. They purposely didn't use the same wording. Is there anywhere else in this Act where the wording is similar to the first sentence or to the second sentence if you looked at it? I would not be able to point the Court to any similar, any analogous sections in which the city council chose to use provisions versus written notice pursuant to or any importance to any sort of distinction on those lines. It may not have been purposeful at all. It might have been completely thoughtless in some respects. The reality is the language of 110A is purposeful, and it talks about if the cure period, during that cure period the issue hasn't been cured, that noncompliance has been remedied, then, then is the language, the agreement shall terminate, and then in the conjunctive it says, and possession shall be handed up. So if possession isn't handed up, isn't that effectively a withdrawal of the notice? If possession has not been handed up, that is a defendant's position. If possession has not been drawn up, then the notice is withdrawn under the express terms of 110A. And it is our position that a withdrawn notice could not form the basis for any type of remedy under Section 90 because a withdrawn notice is, by its plain meaning of the term withdrawn, not an effective notice for any purposes. The term withdrawn, by its plain meaning, simple Webster's Dictionary definitions of the term withdraw would include to retract, to remove from consideration. Those types of terms are not consistent with allowing a tenant to proceed with a withdrawn notice as the basis of a claim for any type of remedy. So it would be our position that, by its definition, a withdrawn notice cannot serve as the basis for any type of remedy. So how would somebody obtain the one month's free rent? One month's rent. By following the provisions of 512.110A. Is that the only way to do it? Yes, by terminating the agreement. The only way to do it is to terminate. That's what the City Council is trying to say. You mean by tendering possession. That's the only way to do it. Yeah, by terminating the agreement and then by tendering possession according to the terms of 512.110A, which is within 30 days after the expiration of the time period specified in the notice, which, again, we would point the Court to, as it noted in its prior arguments, that there was not a specific date even identified in the notice at issue in this case. So how would one even draw that 30 days, pointing out the defectiveness of this particular notice at issue? And it is our position that that type of reading of the ordinance is not necessarily at issue with the purposes of the ordinance. The purpose of the ordinance is not necessarily to grant a tenant a remedy in every certain case or to grant tenants the maximum remedy. Rather, one stated purpose of the RLTO is to define the obligations and rights of both landlords and tenants. And in this case, the City Council elected to condition that one month's rent on the termination of possession and surrendering of possession of the unit. That seems like a pretty extreme way to have landlords provide some very simple information because this also applies to the other section with regard to the phone number for notice and so forth. So that's really easy. So couldn't another interpretation be that what they wanted to do is you can't recover any kind of damage unless you give the landlord an opportunity to cure. And that's exactly what written notice provides. You've got to give them 14 days to cure. You don't have to terminate anything, but if you want to terminate, that's your option because this section also applies to some very material situations that could affect your tenancy. For example, if there's something they can't repair that's garbage smell or there's some very deliberating situations where you can terminate. But this is not one of those. Well, essentially the City Council, by allowing a tenant to determine whether or not he or she wishes to vacate the premises and to terminate the lease, leaves the power in the tenant's hands to determine whether or not this type of a failure to disclose a code violation rises to the issue of something that makes the tenant wish to move out of the apartment and surrender possession of the unit. It may be something where it's a code violation for, say for example, a sign was too large advertising rental apartments for sale or something like that. And if that were the case, a tenant may say this doesn't rise to the level of something that's going to cause me to move out or feel that I need to move out, and therefore in those cases the one month's rent remedy would not apply. But in those cases where it rises to such a level. In that case there's no remedy, unless they move out. That's what the City Council wants. Well, I shouldn't say that there's no remedy or no incentive for a landlord not to comply with the ordinance. Certainly a landlord who in that instance say that it's a failure to disclose some type of sign ordinance violation or something like that, by failing to disclose that, a landlord runs the real risk that a tenant will terminate a lease prematurely and that a landlord may lose future rent for that unit based on a tenant's unilateral decision to terminate that lease. So there certainly is an incentive for a landlord to comply with this ordinance, regardless of whether or not this one month's remedy applies in every certain case, regardless of whether or not the tenant has surrendered possession of the unit. Mr. Johnson, please conclude your argument. Thank you, Your Honor. For the reasons previously stated, we'd ask the Court to uphold the trial court's decision in this matter and uphold the dismissal of plaintiff's claim. Thank you. Thank you. Mr. Silverman, some brief rebuttal. With respect to the withdrawal of the notice, that still does not change the fact that if we're looking at Section 090, the landlord was in receipt of the written notice and failed to comply. And the period of time that the landlord has to comply to cure is always a lesser period of time, a shorter period of time than the date when that notice is going to be deemed withdrawn because it's 30 days after the 14 days has already expired. Then that notice can be deemed withdrawn. So we've got a time period. After the 14 days are up and the landlord's failed to cure, all the elements have been met for that second sentence of 090 that calls for the month's rent penalty. So we're saying, if we're agreeing with the defendant, that they've got a live claim. All the elements are met for at least day 15 through 30 days after that. But then they haven't moved out yet. On that 30th day, now their notice will finally be deemed withdrawn, and that will extinguish all the landlord's liability for having failed to comply after being in receipt of a written notice. We don't think that's an outcome that's consistent with the intent of the ordinance. As we stated, to require, as the defendant has made clear, the tenant has to move out or there's no remedy. Prospective tenant cannot move out, cannot deliver possession. We did refer in our brief to the Provenzale case. It's from the Second District. They talk about a different act. But one of the important points that that court made was that the prospective buyers in that case never signed a contract. But the disclosures that had to be made to them weren't made. And that appellate court reversed the trial court and said, those prospective buyers do have a cause of action, just for damages, not to break the lease. They said, because they never signed a contract, they don't have the remedy of terminating the contract. Much like in this case where the ordinance, the city council took care to say, renters and prospective renters shall recover the remedies in Section 100. Well, a prospective tenant can't terminate a lease, which is the remedy. The defendant says, if you can't terminate the lease, you have no remedy. You can't read a section or an important term, a whole class of people out of the language that's in the ordinance. I don't see a way we can accept that. Should the notice have been different then? Should the notice have not talked about the potentiality of terminating the lease and consequently surrendering possession? Should the notice have then just generally said, or we'll be seeking one month's rent and damages? I actually think that would be sufficient. I think if the tenant just said, please cure your failure to comply with, or in this case they told them what the failure was, please disclose any code violations from the 12 months from the year before we signed our lease. You tell the landlord what to do. You give them the chance to cure. I did look back at the notice here in this case. It does say, within a couple weeks after you're in receipt of our notice, and they did attach in the record on page 13 the confirmation of when it was received by the landlord. That's what the tenant has to give. That's what the other trial court ruling that Judge Jacobius relied in part on. Well, he didn't rule on that. No, he just acknowledged that the notice was given. He didn't rule at all or address at all the sufficiency of the notice. He referred to a different trial court ruling from a Judge Hall in support of his ruling in part, and I understand that's, of course, persuasive at best, but her ruling didn't find at any point that this tenant had to move out. So for those reasons, we do think the trial court should be reversed. Unless Your Honor has a question. No. Thank you, Mr. Silverman. Mr. Johnson, I want to compliment the attorneys on their arguments and on the briefs. This matter will be taken under advisement, and this court is going to stand in recess for about five minutes.